**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| **TRACY D. L. C. SMITH AND** * | |
| **CANDACE A. SMITH,** * | |
| * | |
| **Plaintiffs,** * | |
| * | |
| **-VS-** * | |
| * | |
| **CHRIS HATCHER, in His Individual** * | |
| **and Official Capacity as an Officer of the** * | |
| **Glynn County Police Department;** * | |
| **ANDREA BROWNING in Her** * | |
| **Individual and Official Capacity as a** * | |
| **Case Manager for the GLYNN COUNTY** * | |
| **DEPARTMENT OF FAMILY AND** * | |
| **CHILDREN SERVICES OF THE** * | |
| **GEORGIA DEPARTMENT OF** * **CIVIL ACTION NO.:  CV219-**_167_ | |
| **HUMAN SERVICES;  GEORGIA** * | |
| **DEPARTMENT OF HUMAN** * | |
| **SERVICES; E. NEAL JUMP in His** * | |
| **Individual and Official Capacity as** * | |
| **the Sheriff of Glynn County; MICHAEL** * | |
| **HEATH in His Individual and Official** * | |
| **Capacity as Jail Administrator for the** * | |
| **Glynn County Sheriff's Office; MAJOR** * | |
| **RANDY AUSTIN AND LIEUTENANT** * | |
| **SHUMAN in Their Individual and** * | |
| **Official Capacity as  Detention Officers** * | |
| **for the Glynn County Sheriff's  Office;** * | |
| **GLYNN COUNTY, GEORGIA** * | |
| * | |
| **Defendants.** * | |

## COMPLAINT FOR DAMAGES

**TRACY D. L. C. SMITH** and **CANDACE A. SMITH (PASTOR** and **MRS. SMITH)**,

Plaintiffs in the above-styled action, file this their Complaint for Damages and for compensatory and

punitive damages against Defendants **CHRIS HATCHER**, in His Individual and Official Capacity

as an Officer of the Glynn County Police Department; **ANDREA BROWNING** in Her Individual and Official Capacity as a Case Manager for the Glynn County Department of Family and Children Services of the Georgia Department of Human Services; **GEORGIA DEPARTMENT OF HUMAN SERVICES**; **E. NEAL JUMP** in His Individual and Official Capacity as the Sheriff of Glynn County; **COLONEL MICHAEL HEATH** in His Individual and Official Capacity as Jail Administrator for the Glynn County Sheriff's Office; and **MAJOR RANDY AUSTIN** and **LIEUTENANT SHUMAN** in Their Individual and Official Capacities as Detention Officers for the Glynn County Sheriff's Office.

## I. INTRODUCTION

### -1-

Plaintiffs **TRACY D. L. C. SMITH** and **CANDACE A. SMITH**, bring this action against Defendants to compensate them for damages and injuries suffered through their wrongful arrests and incarceration and to punish Defendants, for their wrongful acts against **TRACY D. L. C. SMITH** and **CANDACE A. SMITH** such that it will prevent **DEFENDANTS** from subjecting others to such wrongful and egregious conduct.

### -2-

**PASTOR** and **MRS. SMITH** bring this action under the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, as amended and codified at 42 U.S.C. §1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331, the supplemental jurisdiction of this Court to hear and decide claims arising under state law, pursuant to 28 U.S.C. § 1367, false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress actions under Georgia law.

-3-

**PASTOR** and **MRS. SMITH** seek damages for violation of their rights protected by the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, as amended and codified at 42 U.S.C. §1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331, the supplemental jurisdiction of this Court to hear and decide claims arising under state law, pursuant to 28 U.S.C. § 1367, false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress actions under Georgia law.

-4-

**PASTOR** and **MRS. SMITH** demand a trial by jury.

## II.   JURISDICTION

-5-

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through Four herein through this specific reference

-6-

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises as a civil rights action under the laws of the United States.

## III.   VENUE

-7-

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through Six  herein through this specific reference.

-8-

Venue properly lies before this Court pursuant to 28 U.S.C. §1391.

**-9-**

At all times relevant to this Complaint, **DEFENDANT HATCHER** served as an officer of the Glynn County Police Department; **DEFENDANT BROWNING** worked as a case manager for the Glynn County Department of Family and Children Services; **DEFENDANT JUMP** served as the Sheriff of Glynn County; **DEFENDANT HEATH** worked as Jail Administrator for the Glynn County Sheriff's Office; **DEFENDANTS AUSTIN** and **SHUMAN** worked as detention officers for the Glynn County Sheriff's Office; **DEFENDANT DEPARTMENT** operated the various **DEPARTMENT OF FAMILY AND CHILDREN SERVICES** offices in Georgia, and **GLYNN COUNTY** operated the government of Glynn County, Georgia.

**-10-**

The incidents and injuries suffered by **PASTOR** and **MRS. SMITH**   occurred in this judicial district.

**-11-**

At all times  relevant to this Complaint, **PASTOR** and **MRS. SMITH** conducted business in Brunswick, Glynn County, Georgia in the Brunswick Division  of the United States District Court for the Southern District of Georgia.  28 U.S.C. § 90(c)(5).

## IV.   PARTIES

**-12-**

**PASTOR** and **MRS. SMITH**  incorporate by reference and reallege Paragraphs One through Eleven herein through this specific reference.

**-13-**

At all times relevant to this Complaint, **PASTOR** and **MRS. SMITH** served as missionaries in the Free Seventh Day Adventist church.

**-14-**

At all times relevant to this Complaint, **PASTOR SMITH** served as a pastor and a missionary in the Free Seventh Day Adventist church.

**-15-**

At all times relevant to this Complaint, **DEFENDANT HATCHER** served as an officer of the Glynn County Police Department; **DEFENDANT BROWNING** worked as a case manager for the Glynn County Department of Family and Children Services; **DEFENDANT JUMP** served as the Sheriff of Glynn County; **DEFENDANT HEATH** worked as Jail Administrator for the Glynn County Sheriff's Office; **DEFENDANTS AUSTIN** and **SHUMAN** worked as detention officers for the Glynn County Sheriff's Office; **DEFENDANT DEPARTMENT** operated the various **DEPARTMENT OF FAMILY AND CHILDREN SERVICES** offices in Georgia, and **GLYNN COUNTY** operated the government of Glynn County, Georgia.

**-16-**

Counsel for **PASTOR** and **MRS. SMITH** has attached and incorporated into this Complaint the *ante litem* notice to the State of Georgia as Exhibit "A," served on Mr. Wade Damron, Director Risk Management Division Department of Administrative Services, 200 Piedmont Avenue SE, Suite 1220, West Tower, Atlanta, Georgia 30334-9032, by certified mail on October 28, 2019 and mailed by first-class mail to the following state government entities: Ms. Robyn Crittenden, Director, Georgia Department of Human Services 2 Peachtree Street, NW, 29th Floor, Atlanta. Georgia

30303-3142; Mr. Tom C. Rawlings. Division Director, Department of Family and Children Services 2 Peachtree Street, NW, 19th Floor, Atlanta, Georgia 30303-3142; The Honorable E. Neal Jump, Glynn County Sheriff's Office, 100 Sulphur Springs Road, Brunswick, Georgia 31520-2681; and Ms. Dana Gellermann, Director, Glynn County Department of Family and Children Services, 823 Scranton Road, Brunswick, Georgia 31525-6601

-17-

Counsel for **PASTOR** and **MRS. SMITH** has attached and incorporated into this Complaint the *ante litem* notice to Glynn County, Georgia as Exhibit "B," served initially on October 1, 2019, supplemented on October 7, 2019, and acknowledged by email by the Glynn County Attorney on October 7, 2019 and the notice to Glynn County Sheriff E. Neal Jump, served personally on October 1, 2019.

## V.   STATEMENT OF THE FACTS

-18-

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through Seventeen herein through this specific reference.

-19-

On May 14, 2015, **ALLEN TUCKER**, a white male and his wife, **ANASTASIA TUCKER**, a black female, voluntarily contracted to  **PASTOR** and **MRS. SMITH**  the legal custody of their minor child, **AMT**, as evidenced by Exhibit "C," attached to and incorporated into this Complaint.

-20-

Under O.C.G.A. § 19-7-1 (b) (1), attached to and incorporated into this Complaint as Exhibit "D," **THE TUCKERS** could contract privately, without order of a court, with **PASTOR** and **MRS.**

SMITH  for the legal custody of **AMT**  since "Parental power shall be lost by: Voluntary contract releasing the right to a third person."

**-21-**

**THE TUCKERS**  contractually placed legal custody of **AMT**  in **PASTOR** and **MRS. SMITH** because of **THE TUCKERS'** inability to care for **AMT**.

**-22-**

**THE TUCKERS** knew that **PASTOR** and **MRS. SMITH** resided in Arkansas and traveled the world as missionaries in the  Free Seventh Day Adventist Church.

**-23-**

**PASTOR** and **MRS. SMITH** had previously declined **THE TUCKERS'** request to take legal custody of **AMT**.

**-24-**

Due to **THE TUCKERS'** persistence and the dire condition of **AMT**, **PASTOR** and **MRS. SMITH** eventually accepted **THE TUCKERS'** request for **PASTOR** and **MRS. SMITH**  to take legal custody of **AMT**.

**-25-**

Due to the deplorable conditions in which **AMT**  lived, **PASTOR** and **MRS. SMITH** agreed to accept legal custody of **AMT**  only if **THE TUCKERS**  satisfied specific conditions as conditions precedent for the safe return of **AMT** to  **THE TUCKERS**.

**-26-**

**THE TUCKERS**  agreed to the conditions.

-27-

Additionally, **THE TUCKERS** signed, albeit on the wrong line, an Arkansas consent to the guardianship of **AMT** by **PASTOR** and **MRS. SMITH**, as evidence by Exhibit "E," attached to and incorporated into this Complaint.

-28-

Although the Arkansas court never granted the guardianship because of the signing error, **THE TUCKERS** never withdrew this consent.

-29-

On July 7, 2017, **MRS. TUCKER** met with **DEFENDANT HATCHER**.

-30-

**MRS. TUCKER** reported, as shown by **DEFENDANT HATCHER'S** incident report, attached to and incorporated into this Complaint as Exhibit "F," that "in May of 2015 she gave custody of her daughter, [ATM] to Tracy Christopher Smith and his wife Candice [sic] Smith."

-31-

**MRS. TUCKER** further stated that "the Smiths had taken [ATM] to live with them in Arkansas and attempted to obtain a temporary custody order which she argeed [sic] too [sic]." Exhibit "F."

-32-

**DEFENDANT HATCHER** further stated that **MRS. TUCKER** "did this because her and her husband were having a hard time and were unable to take care of the small child." Exhibit "F."

-33-

**MRS. TUCKER** "stated they had been living in a motel in Darien, Georgia at that time."
Exhibit "F."

-34-

**MRS. TUCKER** then untruthfully alleged to **DEFENDANT HATCHER** that "she has
attempted to get her daughter back but the Smiths have refused to bring the child back or give a
location where the child is." Exhibit "F."

-35-

**MRS. TUCKER**  further falsely claimed that "the Smiths then fled to California." Exhibit
"F."

-36-

**DEFENDANT HATCHER** intentionally ignored evidence from **MRS. TUCKER** that she
had given custody to **PASTOR** and **MRS. SMITH** under O.C.G.A. § 19-7-1 (b) (1) and that every
other jurisdiction to which **DEFENDANT HATCHER** peddled this lie, considered this matter a
civil matter.

-37-

Despite these uncontradicted facts, **DEFENDANT HATCHER** intentionally, wrongful, and
unconstitutionally initiated the prosecution of  **PASTOR** and **MRS. SMITH**  for interstate
interference with custody.

-38-

A cursory reading by **DEFENDANT HATCHER** of the interstate interference with custody
law, O.C.G.A. § 16-5-45 (c) (2), would have revealed to **DEFENDANT HATCHER** that **PASTOR**

and **MRS. SMITH'S** conduct did not violate Georgia's interstate interference with custody law because no "period of lawful visitation" existed as required by the law.

**-39-**

The legal custody **THE TUCKERS** gave **PASTOR** and **MRS. SMITH** made superfluous any visitation order because **PASTOR** and **MRS. SMITH** had legal custody of **AMT** and did not need an order to visit with **AMT**.

**-40-**

According to Exhibit "G," attached to and incorporated into this Complaint, a person transgresses O.C.G.A. § 16-5-45 (c) (2) only if that person retains a child "in another state" beyond "the expiration of the period of lawful visitation. . . ."

**-41-**

**THE TUCKERS** contracted with **PASTOR** and **MRS. SMITH** to give **PASTOR** and **MRS. SMITH** legal custody of **AMT**, therefore **PASTOR** and **MRS. SMITH** did not need a visitation order to visit **AMT**.

**-42-**

Therefore, no visitation order existed.

**-43-**

Despite this uncontradicted evidence of the contract of legal custody between **PASTOR** and **MRS. SMITH** and **THE TUCKERS**, **DEFENDANT HATCHER** appeared as the prosecutor before a Glynn County grand jury on August 22, 2018 and testified untruthfully that **PASTOR** and **MRS. SMITH** interfered with **THE TUCKERS'** custody of **AMT**.

-44-

That grand jury returned a one-count indictment in *State v. Tracy Dean Langston and Candace Angelina Smith,* **Indictment No.: CR-1800515, Glynn County Superior Court** that charged **PASTOR** and **MRS. SMITH** with one count of interstate interference of custody as evidenced by Exhibit "H," attached to and incorporated into this Complaint.

-45-

On the same date the Honorable Stephen D. Kelley, Judge of the Glynn County Superior Court, issued a bench warrant for the arrest of **PASTOR** and **MRS. SMITH** on the indicted offense.

-46-

The falsehoods continued as **DEFENDANT HATCHER**, other Glynn County Police Department officials, and Assistant District Attorney **GEORGE BARNHILL** untruthfully informed federal officials that **PASTOR** and **MRS. SMITH** had unlawfully fled with **AMT**

-47-

**DEFENDANT HATCHER**, other Glynn County Police Department officials, and Assistant District Attorney **GEORGE BARNHILL** additionally falsely reported **AMT** as a missing child and posted **AMT'S** picture in multiple Walmarts as a missing child.

-48-

**PASTOR** and **MRS. SMITH** saw several of these fallacious posts.

-49-

Ironically, **PASTOR** and **MRS. SMITH** had provided the picture used in the missing posters as it appeared that **THE TUCKERS** did not have a picture of their daughter.

-50-

These officials also contended that **PASTOR** and **MRS. SMITH** used "fraudulent" documents regarding their legal custody of **AMT**.

-51-

**PASTOR** and **MRS. SMITH** used the Arkansas documents to buttress their contract for legal custody that **PASTOR** and **MRS. SMITH** had with the **TUCKERS** concerning **AMT**.

-52-

The Arkansas documents further demonstrated **THE TUCKERS'** intent to place legal custody with **PASTOR** and **MRS. SMITH**.

-53-

These governmental fabrications led to U. S. Marshal and Lewiston Police Department officials' arrest of **PASTOR** and **MRS. SMITH** in Idaho.

-54-

**THE TUCKERS** never disavowed the legal custody contract or the intent to give **PASTOR** and **MRS. SMITH** guardianship of **AMT**.

-55-

After **PASTOR** and **MRS. SMITH'S** arrest, an Idaho court released **PASTOR** and **MRS. SMITH** after one day.

-56-

Brunswick Judicial Circuit Assistant District Attorney **GEORGE BARNHILL** agreed to allow **PASTOR** and **MRS. SMITH** to drive from Idaho to Glynn County, Georgia to surrender at the Glynn County Detention Center located at 100 Sulphur Springs Road, Brunswick, Georgia 31520-2681 by October 31, 2018.

-57-

**PASTOR** and **MRS. SMITH** surrendered at the Glynn County Detention Center, on October 26, 2018,  five days before their surrender deadline.

-58-

On January 18, 2019, the Honorable Stephen G. Scarlett, Sr., Chief Judge of the Glynn County Superior Court, sustained  **PASTOR** and **MRS. SMITH'S** special demurrer filed by **PASTOR** and **MRS. SMITH'S** previous counsel, **E. JERRELL RAMSEY**, a white male, and **MARIA S. LUGUE, II**, a white female, as demonstrated by Exhibit "I," attached to and incorporated into this Complaint.

-59-

That Court ruled that the conduct alleged in the indictment did not violate the law and the indictment failed to allege the date of the offense.

-60-

Although the Court dismissed the indictment, the Glynn County Sheriff's Office through **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel  refused to release  **PASTOR** and **MRS. SMITH**.

-61-

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel continued the detention of  **PASTOR** and **MRS. SMITH** after the dismissal of the indictment and without any lawful authority.

-62-

Despite the dismissal of the first indictment that had neither alleged a violation of the law nor alleged the date of the offense, the State of Georgia through Assistant District Attorney

**GEORGE BARNHILL** convened another Glynn County grand jury to consider the same charges against **PASTOR** and **MRS. SMITH**.

**-63-**

On January 23, 2019, a second Glynn County grand jury returned a second indictment in *State v. Tracy Dean Langston, also known as Tracy Christopher Smith and Candace Angelina Smith, also known as Candace Taylor, also known as Candace Lawrence*, **Indictment No.: CR-1900048, Glynn County Superior Court**, as shown by Exhibit "J," attached to and incorporated into this Complaint.

**-64-**

Irrespective of the dismissal of the previous indictment for its failure to allege a violation of the law by **PASTOR** and **MRS. SMITH**, Department employee, **DEFENDANT BROWNING**, nevertheless testified falsely that **PASTOR** and **MRS. SMITH'S** same conduct violated the same law five times.

**-65-**

On the same date, the Honorable E. M. Wilkes, III, Senior Judge for the State of Georgia, issued a second bench warrant for the arrest of **PASTOR** and **MRS.** SMITH.

**-66-**

On January 24, 2019, Glynn County Sheriff deputies served the bench warrants on **PASTOR** and **MRS. SMITH** who remained in Glynn County Detention Center without any lawful authority from January 18-24, 2019.

-67-

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff

Office and jail personnel held **PASTOR** and **MRS. SMITH** in the Glynn County Detention Center

from January 18, 2019 to January 24, 2019 without any lawful authority.

-68-

**MS. LUGUE** filed a motion to withdraw as **PASTOR** and **MRS. SMITH'S** counsel on

March 29, 2019.

-69-

The Honorable Robert W. Guy, Jr., Judge of the Glynn County Superior Court, granted **MS.**

**LUGUE'S** motion on April 4, 2019.

-70-

**MR. RAMSEY** filed a motion  to withdraw as **PASTOR** and **MRS. SMITH'S** counsel on

April 1, 2019.

-71-

Judge Guy also granted **MR. RAMSEY'S** motion on April 4, 2019.

-72-

On April 12, 2019, **JAMES A. YANCEY, JR. (NEW COUNSEL)**, a black male, entered

an appearance as counsel for  **PASTOR** and **MRS. SMITH**.

-73-

After **NEW COUNSEL** began representing  **PASTOR** and **MRS. SMITH**, **SMITH**,

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office

and jail personnel began a campaign of harassment of  **PASTOR** and **MRS. SMITH**.

**-74-**

The Glynn County Sheriff's office had a policy, approved by **DEFENDANT JUMP**, that prohibited coAccuseds from having any contact with each other even if they shared the same counsel.

**-75-**

When informed by the jail personnel that it would take a court order for **NEW COUNSEL** to see **PASTOR** and **MRS. SMITH** together, **NEW COUNSEL** obtained a court order directing **DEFENDANT JUMP** to allow **NEW COUNSEL** to see **PASTOR** and **MRS. SMITH** together.

**-76-**

As further part of the pattern of harassment and retaliation against **PASTOR** and **MRS. SMITH**, **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel began strip searching **PASTOR** and **MRS. SMITH** after visits with **NEW COUNSEL**.

**-77-**

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel did not strip search **PASTOR** and **MRS. SMITH** after any visits with **MR. RAMSEY** or **MS. LUGUE**.

**-78-**

The strip searches began only after **NEW COUNSEL** began representing **PASTOR** and **MRS. SMITH** and after **NEW COUNSEL** obtained the court order directing **DEFENDANT JUMP** to allow **NEW COUNSEL** to see **PASTOR** and **MRS. SMITH** together.

**-79-**

As Free Seventh Day Adventists, **PASTOR** and **MRS. SMITH** followed a vegan diet in observance of their religion.

**-80-**

While **MR. RAMSEY** and **MS. LUGUE** represented **PASTOR** and **MRS. SMITH**, the jail easily accommodated **PASTOR** and **MRS. SMITH'S** vegan diet.

**-81-**

Once **NEW COUNSEL** became **PASTOR** and **MRS. SMITH'S** counsel, **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel terminated **PASTOR** and **MRS. SMITH'S** vegan diets.

**-82-**

It took a letter from **NEW COUNSEL** to the Glynn County Sheriff's Office Under Sheriff that outlined **PASTOR** and **MRS. SMITH'S** legal basis for their diet to have **PASTOR** and **MRS. SMITH'S** vegan diet restored.

**-83-**

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel also withheld medications and medical treatments from **PASTOR** and **MRS. SMITH** for chronic medical conditions suffered by both of them.

**-84-**

**PASTOR SMITH** suffers from severe asthma.

**-85-**

**MRS. SMITH** suffers from type one diabetes.

**-86-**

As an example, **DEFENDANT SHUMAN** has watched as **PASTOR SMITH** suffered an intense asthma attack.

**-87-**

**DEFENDANT SHUMAN** eventually gave **PASTOR SMITH** his medication only after **PASTOR SMITH** saw his life pass before his eyes as he believed he faced imminent death due to **DEFENDANT SHUMAN'S** egregious conduct.

**-88-**

Worst of all, after **NEW COUNSEL** began representing **PASTOR** and **MRS. SMITH**, **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel, either actually confiscated and read **PASTOR** and **MRS. SMITH'S** confidential, legal documents, allowed others to do so, failed to prevent this, or failed to properly train jail personnel on the sanctity of inmates' legal documents.

**-89-**

While **MR. RAMSEY** and **MS. LUGUE** represented **PASTOR** and **MRS. SMITH**, **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel never confiscated and read any of **PASTOR** and **MRS. SMITH'S** confidential, legal documents.

**-90-**

This invasion of **PASTOR** and **MRS. SMITH'S** legal privacy began only after **NEW COUNSEL** began representing **PASTOR** and **MRS. SMITH**.

**-91-**

Additionally,  **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel denied **NEW COUNSEL** the right to deliver critical legal documents to  **PASTOR** and **MRS. SMITH**.

**-92-**

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel justified this as a way to prevent  **PASTOR** and **MRS. SMITH**  from exchanging legal documents during visits with **NEW COUNSEL**.

**-93-**

When **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel refused to allow **NEW COUNSEL** to deliver  critical legal documents to  **PASTOR** and **MRS. SMITH**, this prevented **NEW COUNSEL** from visiting **PASTOR** and **MRS. SMITH**.

**-94-**

Despite **NEW COUNSEL** having no contact with **PASTOR** and **MRS. SMITH** during this attempted visit, **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel still subjected stripped-searched **PASTOR** and **MRS. SMITH**.

**-95-**

In an effort to and intimidate **PASTOR** and **MRS. SMITH**, **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel interfered with  **PASTOR** and **MRS. SMITH'S** right to counsel with both **MR. RAMSEY** and **MS. LUGUE** and with **NEW COUNSEL**.

**-96-**

The retaliatory, abusive, hostile, unlawful, and unconstitutional treatment suffered by **PASTOR** and **MRS. SMITH** at the hands of **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel arose from **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel's aversion to **PASTOR** and **MRS. SMITH'S** interracial marriage and their assertion of their legal and constitutional rights.

**-97-**

**DEFENDANT SHUMAN** in particularly tormented **PASTOR** and **MRS. SMITH** for these reasons.

**-98-**

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel further interfered with **PASTOR** and **MRS. SMITH'S** legal representation by orchestrating **PASTOR** and **MRS. SMITH'S** separate appearances in court in an attempt to drive a wedge between **PASTOR** and **MRS. SMITH** by trying to intimidate **MRS. SMITH** into testifying against **PASTOR SMITH**.

**-99-**

**NEW COUNSEL** amended **PASTOR** and **MRS. SMITH'S** second Motion to Dismiss and the second Special Demurrer filed by **MR. RAMSEY** and **MS. LUGUE**.

**-100-**

In the second Motion to Dismiss, **NEW COUNSEL** added the government's campaign of insidious hostility and abuse against **PASTOR** and **MRS. SMITH** as a basis for dismissal of the second indictment.

**-101-**

At a motions hearing conducted by **NEW COUNSEL** on June 14, 2019 that concerned the amended Motion to Dismiss and Special Demurrer, the Honorable Roger B. Lane, Judge of the Glynn County Superior Court, dismissed the second indictment, ruling that **PASTOR** and **MRS. SMITH'S** "conduct d[id] not violate O.C.G.A. § 16-5-45 (c)," as demonstrated by Exhibit "K," attached to and incorporated into this Complaint.

**-102-**

As a result of the unlawful and unconstitutional conduct of **DEFENDANTS**, **PASTOR** and **MRS. SMITH** suffered four illegal and unconstitutional incarcerations: 1) The arrest and incarceration in Idaho; 2) The arrest and incarceration on the first indictment in Glynn County; 3) The arrest and incarceration after the dismissal of the first indictment in Glynn County; and 4) The arrest and incarceration on the second indictment in Glynn County.

**-103-**

**ALL DEFENDANTS** caused the illegal and unconstitutional arrests and incarcerations of **PASTOR** and **MRS. SMITH** in Idaho from October 4-5, 2018 and in Glynn County from October 26, 2018 to June 14, 2019.

**-104-**

**ALL DEFENDANTS** acted under color of state law.

## VI.  COMPLAINT PREREQUISITES

### -105-

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through One hundred herein through this specific reference.

### -106-

**PASTOR** and **MRS. SMITH** served timely ante litem notices on the State of Georgia as shown by Exhibit "A," attached to and incorporated into this Complaint.

### -107-

**PASTOR** and **MRS. SMITH** served timely ante litem notices on Glynn County, Georgia and the Glynn County Sheriff as shown by Exhibit "B," attached to and incorporated into this Complaint.

## VI.  CLAIMS FOR RELIEF

### -108-

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through One hundred seven herein through this specific reference

### COUNT I

### FOURTH AMENDMENT
### 42 U.S.C. § 1983

### -109-

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through One hundred eight herein through this specific reference.

-110-

**PASTOR** and **MRS. SMITH**  incorporate by reference and realleges the allegations contained in Paragraphs Eighteen through One hundred four  herein as the basis for their claims for damages for violations of their rights under the United States Constitution, laws of the United States, and laws of the State of Georgia.

-111-

**DEFENDANT HATCHER** violated **PASTOR** and **MRS. SMITH'S** rights protected under the Fourth Amendment with his false testimony, under oath, that led directly to the illegal and unconstitutional indictment,  arrest, and incarceration of **PASTOR** and **MRS. SMITH** in *State v. Tracy Dean Langston and Candace Angelina Smith,* **Indictment No.: CR-1800515, Glynn County Superior Court**.

-112-

Neither probable cause nor reasonable and articulable suspicion existed for the indictment and subsequent arrest and incarceration of **PASTOR** and **MRS. SMITH**.

-113-

**DEFENDANT HATCHER** exhibited a general and total disregard of any and all of **PASTOR** and **MRS. SMITH'S** rights without regard to the extent of any injury that **PASTOR** and **MRS. SMITH**  might suffer by **DEFENDANT HATCHER'S** wrongful acts.

-114-

As a direct and proximate result of **DEFENDANT HATCHER'S** deprivation of **PASTOR** and **MRS. SMITH'S** rights protected by federal and state laws,  **PASTOR** and **MRS. SMITH** have suffered and continue to suffer substantial damages for mental anguish, loss of enjoyment of life,

loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **FIVE MILLION DOLLARS ($5,000,000.00**) each.

### -115-

**DEFENDANT HATCHER** undertook his conduct in utter disregard of **PASTOR** and **MRS. SMITH'S** rights that constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle **PASTOR** and **MRS. SMITH** to recover punitive damages in an amount to be decided by a jury to deter **DEFENDANT HATCHER** from future wrongdoing.

### COUNT II

### FOURTH AMENDMENT
### 42 U.S.C. § 1983

### -116-

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through One hundred fifteen herein through this specific reference.

### -117-

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege the allegations contained in Paragraphs Eighteen through One hundred five herein as the basis for their claims for damages for violations of their rights under the United States Constitution, laws of the United States, and laws of the State of Georgia.

### -118-

**DEFENDANT BROWNING** violated **PASTOR** and **MRS. SMITH'S** rights protected under the Fourth Amendment with her false testimony, under oath, that led directly to the illegal and

unconstitutional indictment,  arrest and incarceration of **PASTOR** and **MRS. SMITH** in *State v. Tracy Dean Langston and Candace Angelina Smith,* **Indictment No.: CR-1900048, Glynn County Superior Court**.

### -119-

Neither probable cause nor reasonable and articulable suspicion existed for the indictment and subsequent and incarceration of **PASTOR** and **MRS. SMITH**.

### -120-

**DEFENDANT BROWNING** exhibited a general and total disregard of any and all of **PASTOR** and **MRS. SMITH'S** rights without regard to the extent of any injury that **PASTOR** and **MRS. SMITH**  might suffer by **DEFENDANT BROWNING'S** wrongful acts.

### -121-

As a direct and proximate result of **DEFENDANT BROWNING'S** deprivation of **PASTOR** and **MRS. SMITH'S** rights protected by federal and state laws,  **PASTOR** and **MRS. SMITH**  have suffered and continue to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **FIVE MILLION DOLLARS ($5,000,000.00)** each.

### -122-

**DEFENDANT BROWNING** undertook her conduct in utter disregard of **PASTOR** and **MRS. SMITH'S** rights that constituted an entire want of care which raises the presumption  of the conscious indifference to the consequences so as to entitle **PASTOR** and **MRS. SMITH**  to recover punitive damages in an amount to be decided by a jury to deter **DEFENDANT BROWNING** from future wrongdoing.

## COUNT III

## FOURTH AMENDMENT
## 42 U.S.C. § 1983

**-123-**

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through One hundred twenty-two herein through this specific reference.

**-124-**

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege the allegations contained in Paragraphs Eighteen through One hundred four herein as the basis for their claims for damages for violations of their rights under the United States Constitution, laws of the United States, and laws of the State of Georgia.

**-125-**

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel violated **PASTOR** and **MRS. SMITH'S** rights protected under the Fourth Amendment by continuing to incarcerate **PASTOR** and **MRS. SMITH** without probable cause or lawful authority after the dismissal of the indictment in *State v. Tracy Dean Langston and Candace Angelina Smith*, **Indictment No.: CR-1800515, Glynn County Superior Court**.

**-126-**

Neither probable cause nor reasonable and articulable suspicion existed for the continued incarceration of **PASTOR** and **MRS. SMITH** from January 18, 2019 to January 26, 2019 after the dismissal of the indictment in *State v. Tracy Dean Langston and Candace Angelina Smith*, **Indictment No.: CR-1800515, Glynn County Superior Court**.

-127-

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel  exhibited a general and total disregard of any and all of **PASTOR** and **MRS. SMITH'S** rights without regard to the extent of any injury that **PASTOR** and **MRS. SMITH** might suffer by **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel's  wrongful acts.

-128-

As a direct and proximate result of all **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel's deprivation of **PASTOR** and **MRS. SMITH'S** rights protected by federal and state laws,  **PASTOR** and **MRS. SMITH**  have suffered and continue to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **FIVE MILLION DOLLARS ($5,000,000.00**) each.

-129-

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel undertook his conduct in utter disregard of **PASTOR** and **MRS. SMITH'S** rights that constituted an entire want of care which raises the presumption  of the conscious indifference to the consequences so as to entitle **PASTOR** and **MRS. SMITH**  to recover punitive damages in an amount to be decided by a jury to deter **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel from future wrongdoing.

## COUNT IV

### FOURTEENTH AMENDMENT
### DUE PROCESS
### 42 U.S.C. § 1983

**-130-**

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through One hundred twenty-nine herein through this specific reference.

**-131-**

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege the allegations contained in Paragraphs Eighteen through One hundred four herein as the basis for their claims for damages for violations of their rights under the United States Constitution, laws of the United States, and laws of the State of Georgia.

**-132-**

**ALL DEFENDANTS** caused or prolonged the wrongful incarceration placement of **PASTOR** and **MRS. SMITH** without due process of law which violated **PASTOR** and **MRS. SMITH'S** rights protected under the Fourteenth Amendment.

**-133-**

**ALL DEFENDANTS** exhibited a general and total disregard of any and all of **PASTOR** and **MRS. SMITH'S** rights without regard to the extent of any injury that **PASTOR** and **MRS. SMITH** might suffer by **ALL DEFENDANTS'** wrongful acts.

**-134-**

As a direct and proximate result of **ALL DEFENDANTS'** deprivation of **PASTOR** and **MRS. SMITH'S** rights protected by federal and state law, **PASTOR** and **MRS. SMITH** has

suffered and continue to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **FIVE MILLION DOLLARS ($5,000,000.00**) each.

### -135-

**ALL DEFENDANTS** undertook their conduct in utter disregard of **PASTOR** and **MRS. SMITH'S** rights that constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle **PASTOR** and **MRS. SMITH** to recover punitive damages in an amount to be decided by a jury to deter **DEFENDANTS** from future wrongdoing.

### COUNT V

### FOURTEENTH AMENDMENT
### DELIBERATE INDIFFERENCE
### 42 U.S.C. § 1983

### -136-

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through One hundred thirty-five herein through this specific reference.

### -137-

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege the allegations contained in Paragraphs Eighteen through One hundred four herein as the basis for their claims for damages for violations of their rights under the United States Constitution, laws of the United States, and laws of the State of Georgia.

**-138-**

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel acted in deliberate indifference to the health needs of **PASTOR** and **MRS. SMITH** by ignoring or watching the unnecessary suffering of **PASTOR** and **MRS. SMITH** caused by the withholding of **PASTOR** and **MRS. SMITH'S** medications.

**-139-**

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel exhibited a general and total disregard of any and all of **PASTOR** and **MRS. SMITH'S** rights without regard to the extent of any injury that **PASTOR** and **MRS. SMITH** might suffer by **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel's wrongful acts.

**-140-**

As a direct and proximate result of **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel's deprivation of **PASTOR** and **MRS. SMITH'S** rights protected by federal and state laws,  **PASTOR** and **MRS. SMITH**  have suffered and continue to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **TWO MILLION DOLLARS ($2,000,000.00**) each.

**-141-**

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel undertook their conduct in utter disregard of **PASTOR** and **MRS. SMITH'S** rights that constituted an entire want of care which raises the presumption  of the

conscious indifference to the consequences so as to entitle **PASTOR** and **MRS. SMITH** to recover punitive damages in an amount to be decided by a jury to deter **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel from future wrongdoing.

## COUNT VI

### FOURTEENTH AMENDMENT
### EQUAL PROTECTION
### 42 U.S.C. § 1983

### -142-

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through One hundred forty-one herein through this specific reference.

### -143-

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege the allegations contained in Paragraphs Eighteen through One hundred four herein as the basis for their claims for damages for violations of their rights under the United States Constitution, laws of the United States, and laws of the State of Georgia.

### -144-

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel violated **PASTOR** and **MRS. SMITH'S** rights to equal protection under the Fourteenth Amendment by subjecting them to abuse, harassment, intimidation, maltreatment, deliberate indifference as to their medical treatment, interfering in their legal representation, refusal in allowing them to consult with counsel together, subjecting them to strip searching, ceasing their

religious dietary accommodation, right to free association, all on account of their race due to them being an interracial, married couple made up of a black man and a white woman.

-145-

**DEFENDANT SHUMAN**, a black female, especially used her status as a Glynn County Sheriff Office's detention lieutenant to oppress **PASTOR** and **MRS. SMITH** for **PASTOR** and **MRS. SMITH** on account of their race.

-146-

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel  exhibited a general and total disregard of any and all of **PASTOR** and **MRS. SMITH'S** rights without regard to the extent of any injury that **PASTOR** and **MRS. SMITH** might suffer by **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel's wrongful acts.

-147-

As a direct and proximate result of **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel's deprivation of **PASTOR** and **MRS. SMITH'S** rights protected by federal and state laws,  **PASTOR** and **MRS. SMITH**  have suffered and continue to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **TWO MILLION DOLLARS ($2,000,000.00**) each.

-148-

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel undertook their conduct in utter disregard of **PASTOR** and **MRS.**

**SMITH'S** rights that constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle **PASTOR** and **MRS. SMITH** to recover punitive damages in an amount to be decided by a jury to deter **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel from future wrongdoing.

## COUNT VII

## SIXTH AMENDMENT
## 42 U.S.C. § 1983

### -149-

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through One hundred forty-eight herein through this specific reference.

### -150-

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege the allegations contained in Paragraphs Eighteen through One hundred four herein as the basis for their claims for damages for violations of their rights under the United States Constitution, laws of the United States, and laws of the State of Georgia.

### -151-

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel violated the Sixth Amendment rights of **PASTOR** and **MRS. SMITH** by: 1) Forcibly seizing **PASTOR** and **MRS. SMITH'S** legal documents; 2) Reading the legal documents; 3) Blocking the flow of legal material from their counsel; 4) Refusing to allow counsel to see **PASTOR** and **MRS. SMITH** together: 5) Separating **PASTOR** and **MRS. SMITH** in court

and attempting to coerce **MRS. SMITH** to act against **PASTOR SMITH**;  6) Strip searching

**PASTOR** and **MRS. SMITH** each time they met with **NEW COUNSEL** but not with **MR.**

**RAMSEY** or **MS. LUGUE** and other ways.

-152-

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff

Office and jail personnel  exhibited a general and total disregard of any and all of **PASTOR** and

**MRS. SMITH'S** rights without regard to the extent of any injury that **PASTOR** and **MRS. SMITH**

might suffer by **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County

Sheriff Office and jail personnel's wrongful acts.

-153-

As a direct and proximate result of **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN**

and other Glynn County Sheriff Office and jail personnel's deprivation of **PASTOR** and **MRS.**

**SMITH'S** rights protected by federal and state laws,  **PASTOR** and **MRS. SMITH**  have suffered

and continue to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of

freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **FIVE**

**MILLION DOLLARS ($5,000,000.00**) each.

-154-

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff

Office and jail personnel undertook their conduct in utter disregard of **PASTOR** and **MRS.**

**SMITH'S** rights that constituted an entire want of care which raises the presumption  of the

conscious indifference to the consequences so as to entitle **PASTOR** and **MRS. SMITH**  to recover

punitive damages in an amount to be decided by a jury to deter **DEFENDANTS JUMP**, **HEATH**,

**AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel  from future wrongdoing.

**COUNT VIII**

**FIRST AMENDMENT**
**42 U.S.C. § 1983**

**-155-**

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through One hundred fifty-four herein through this specific reference.

**-156-**

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege the allegations contained in Paragraphs  Eighteen through One hundred four  herein as the basis for their claims for damages for violations of their rights under the United States Constitution, laws of the United States, and laws of the State of Georgia.

**-157-**

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel violated the First Amendment rights of **PASTOR** and **MRS. SMITH** by arbitrarily terminating **PASTOR** and **MRS. SMITH'S** accommodation to their diet in observance of their religion and the free exercise of their religion and arbitrarily denying them their right to association.

**-158-**

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel  exhibited a general and total disregard of any and all of **PASTOR** and

Page 35 of  56

**MRS. SMITH'S** rights without regard to the extent of any injury that **PASTOR** and **MRS. SMITH** might suffer by **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel's wrongful acts.

**-159-**

As a direct and proximate result of **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel's deprivation of **PASTOR** and **MRS. SMITH'S** rights protected by federal and state laws,  **PASTOR** and **MRS. SMITH**  have suffered and continue to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **TWO MILLION DOLLARS ($2,000,000.00)** each.

**-160-**

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel undertook their conduct in utter disregard of **PASTOR** and **MRS. SMITH'S** rights that constituted an entire want of care which raises the presumption  of the conscious indifference to the consequences so as to entitle **PASTOR** and **MRS. SMITH**  to recover punitive damages in an amount to be decided by a jury to deter **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel  from future wrongdoing.

## COUNT IX

## EIGHT AMENDMENT
## 42 U.S.C. § 1983

**-161-**

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through

One hundred sixty herein through this specific reference.

**-162-**

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege the allegations contained

in Paragraphs Eighteen through One hundred four herein as the basis for their claims for damages

for violations of their rights under the United States Constitution, laws of the United States, and laws

of the State of Georgia.

**-163-**

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff

Office and jail personnel violated the Eight Amendment rights of **PASTOR** and **MRS. SMITH** by

excessive and unconstitutional arrests and incarceration without any legal authority.

**-164-**

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff

Office and jail personnel exhibited a general and total disregard of any and all of **PASTOR** and

**MRS. SMITH'S** rights without regard to the extent of any injury that **PASTOR** and **MRS. SMITH**

might suffer by **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County

Sheriff Office and jail personnel's wrongful acts.

-165-

As a direct and proximate result of **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel's deprivation of **PASTOR** and **MRS. SMITH'S** rights protected by federal and state laws,  **PASTOR** and **MRS. SMITH**  have suffered and continue to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **TWO MILLION DOLLARS ($2,000,000.00**) each.

-166-

**DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel undertook their conduct in utter disregard of **PASTOR** and **MRS. SMITH'S** rights that constituted an entire want of care which raises the presumption  of the conscious indifference to the consequences so as to entitle **PASTOR** and **MRS. SMITH**  to recover punitive damages in an amount to be decided by a jury to deter **DEFENDANTS JUMP**, **HEATH**, **AUSTIN**, **SHUMAN** and other Glynn County Sheriff Office and jail personnel  from future wrongdoing.

## COUNT X

### FALSE ARREST
### 42 U.S.C. § 1983

-167-

**PASTOR** and **MRS. SMITH**  incorporate by reference and reallege Paragraphs One through One hundred sixty-six herein through this specific reference.

-168-

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege the allegations contained in Paragraphs Eighteen through One hundred four herein as the basis for their claims for damages for violations of their rights under the United States Constitution, laws of the United States, and laws of the State of Georgia.

-169-

**ALL DEFENDANTS** actually arrested or participated in the unlawful and unconstitutional arrest and incarceration of **PASTOR** and **MRS. SMITH** without probable cause.

-170-

**ALL DEFENDANTS** acted with malice, personal spite, and ill will toward **PASTOR** and **MRS. SMITH**.

-171-

**ALL DEFENDANTS** exhibited a general and total disregard of any and all of **PASTOR** and **MRS. SMITH'S** rights without regard to the extent of any injury that **PASTOR** and **MRS. SMITH** might suffer by **ALL DEFENDANTS'** wrongful acts.

-172-

As a direct and proximate result of **ALL DEFENDANTS'** deprivation of **PASTOR** and **MRS. SMITH'S** rights protected by federal and state laws, **PASTOR** and **MRS. SMITH** have suffered and continue to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **FIVE MILLION DOLLARS ($5,000,000.00)** each.

**-173-**

**ALL DEFENDANTS** and others undertook their conduct in utter disregard of **PASTOR** and

**MRS. SMITH'S** rights that constituted an entire want of care which raises the presumption of the

conscious indifference  to the consequences so  as to entitle **PASTOR** and **MRS. SMITH**  to

recover punitive damages, against the proper **DEFENDANTS** in an amount to be decided by a jury

to deter the proper **DEFENDANTS** from future wrongdoing.

## COUNT XI

### FALSE ARREST
### GEORGIA LAW

**-174-**

**PASTOR**  and **MRS.  SMITH**  incorporate by reference and reallege Paragraphs One

through One hundred seventy-three herein through this specific reference.

**-175-**

**PASTOR** and **MRS. SMITH**  incorporate by reference and reallege the allegations contained

in Paragraphs  Eighteen through One hundred four  herein as the basis for their claims for damages

for violations of their rights under the United States Constitution, laws of the United States, and laws

of the State of Georgia.

**-176-**

**ALL  DEFENDANTS**  actually  arrested,  participated  in,  endorsed,  or  otherwise  made

possible the unlawful and unconstitutional arrest and incarceration of **PASTOR** and **MRS. SMITH**

without probable cause.

-177-

**ALL DEFENDANTS** acted with malice, personal spite, and ill will toward **PASTOR** and **MRS. SMITH**.

-178-

**ALL DEFENDANTS** exhibited a general and total disregard of any and all of **PASTOR** and **MRS. SMITH'S** rights without regard to the extent of any injury that **PASTOR** and **MRS. SMITH** might suffer by **ALL DEFENDANTS'** wrongful acts.

-179-

As a direct and proximate result of **ALL DEFENDANTS'** deprivation of **PASTOR** and **MRS. SMITH'S** rights protected by federal and state laws, **PASTOR** and **MRS. SMITH** have suffered and continue to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **FIVE MILLION DOLLARS ($5,000,000.00)** each.

-180-

**ALL DEFENDANTS** undertook their conduct in utter disregard of **PASTOR** and **MRS. SMITH'S** rights that constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle **PASTOR** and **MRS. SMITH** to recover punitive damages from the proper **DEFENDANTS** in an amount to be decided by a jury to deter the proper **DEFENDANTS** from future wrongdoing.

## COUNT XII

### FALSE IMPRISONMENT
### 42 U.S.C. § 1983

**-181-**

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through One hundred eighty herein through this specific reference.

**-182-**

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege the allegations contained in Paragraphs Eighteen through One hundred four herein as the basis for their claims for damages for violations of their rights under the United States Constitution, laws of the United States, and laws of the State of Georgia.

**-183-**

**ALL DEFENDANTS**, without probable cause, either directly detained, participated in, endorsed, or otherwise made possible the illegal detention of **PASTOR** and **MRS. SMITH**.

**-184-**

**ALL DEFENDANTS** acted with malice, personal spite, and ill will toward **PASTOR** and **MRS. SMITH**.

**-185-**

**ALL DEFENDANTS** exhibited a general and total disregard of any and all of **PASTOR** and **MRS. SMITH'S** rights without regard to the extent of any injury that **PASTOR** and **MRS. SMITH** might suffer.

**-186-**

As a direct and proximate result of **ALL DEFENDANTS** deprivation of **PASTOR** and **MRS. SMITH'S** rights protected by federal and state laws, **PASTOR** and **MRS. SMITH** have suffered and continue to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **FIVE MILLION DOLLARS ($5,000,000.00)** each.

**-187-**

**ALL DEFENDANTS** undertook their conduct in utter disregard of **PASTOR** and **MRS. SMITH'S** rights that constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle **PASTOR** and **MRS. SMITH** to recover punitive damages against the proper **DEFENDANTS** in an amount to be decided by a jury to deter the proper **DEFENDANTS** from future wrongdoing.

## COUNT XIII

### FALSE IMPRISONMENT
### GEORGIA LAW

**-188-**

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through One hundred eighty-seven herein through this specific reference.

**-189-**

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege the allegations contained in Paragraphs Eighteen through One hundred four herein as the basis for their claims for damages

for violations of their rights under the United States Constitution, laws of the United States, and laws of the State of Georgia.

**-190-**

**ALL DEFENDANTS**, without probable cause, either directly detained or made the detention possible of **PASTOR** and **MRS. SMITH**.

**-191-**

**ALL DEFENDANTS** acted with malice, personal spite, and ill will toward **PASTOR** and **MRS. SMITH**.

**-192-**

**ALL DEFENDANTS** exhibited a general and total disregard of any and all of **PASTOR** and **MRS. SMITH'S** rights without regard to the extent of any injury that **PASTOR** and **MRS. SMITH** might suffer.

**-193-**

As a direct and proximate result of **ALL DEFENDANTS** deprivation of **PASTOR** and **MRS. SMITH'S** rights protected by federal and state laws,  **PASTOR** and **MRS. SMITH**  have suffered and continue to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **FIVE MILLION DOLLARS ($5,000,000.00**) each.

**-194-**

**ALL DEFENDANTS** undertook their conduct in utter disregard of **PASTOR** and **MRS. SMITH'S** rights that constituted an entire want of care which raises the presumption  of the conscious indifference to the consequences so as to entitle **PASTOR** and **MRS. SMITH** to recover

punitive damages from the proper **DEFENDANTS** in an amount to be decided by a jury to deter the proper **DEFENDANTS** from future wrongdoing

**COUNT XIV**

**MALICIOUS ARREST**
**42 U.S.C. § 1983**

**-195-**

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through One hundred ninety-four herein through this specific reference.

**-196-**

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege the allegations contained in Paragraphs Eighteen through One hundred four herein as the basis for their claims for damages for violations of their rights under the United States Constitution, laws of the United States, and laws of the State of Georgia.

**-197-**

**ALL DEFENDANTS** either arrested and detained without probable cause, directly detained, participated in, endorsed, or otherwise made possible the illegal arrest of **PASTOR** and **MRS. SMITH**, without probable cause.

**-198-**

**ALL DEFENDANTS** acted with malice, personal spite, and ill will toward **PASTOR** and **MRS. SMITH**.

**-199-**

**ALL  DEFENDANTS** exhibited a general and total disregard of any and all of **PASTOR** and **MRS. SMITH'S** rights without regard to the extent of any injury that **PASTOR** and **MRS. SMITH** might suffer by **ALL  DEFENDANTS'** wrongful acts.

**-200-**

As a direct and proximate result of **ALL  DEFENDANTS'** deprivation of **PASTOR** and **MRS. SMITH'S** rights protected by federal and state laws, **PASTOR** and **MRS. SMITH** have suffered and continue to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **TWO MILLION DOLLARS ($2,000,000.00)** each.

**-201-**

**ALL DEFENDANTS** undertook their conduct in utter disregard of **PASTOR** and **MRS. SMITH'S** rights that constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle **PASTOR** and **MRS. SMITH** to recover punitive damages from the proper **DEFENDANTS** in an amount to be decided by a jury to deter the proper **DEFENDANTS** from future wrongdoing.

**COUNT XIV**

**MALICIOUS ARREST**
**GEORGIA LAW**

**-202-**

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through Two hundred neo herein through this specific reference.

-203-

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege the allegations contained in Paragraphs Eighteen through One hundred four herein as the basis for their claims for damages for violations of their rights under the United States Constitution, laws of the United States, and laws of the State of Georgia.

-204-

**ALL DEFENDANTS** either arrested and detained **PASTOR** and **MRS. SMITH** illegally and without probable cause or directly detained, participated in, endorsed, or otherwise made possible the illegal arrest of **PASTOR** and **MRS. SMITH** without probable cause.

-205-

**ALL DEFENDANTS** acted with malice, personal spite, and ill will toward **PASTOR** and **MRS. SMITH**.

-206-

**ALL DEFENDANTS** exhibited a general and total disregard of any and all of **PASTOR** and **MRS. SMITH'S** rights without regard to the extent of any injury that **PASTOR** and **MRS. SMITH** might suffer by all **DEFENDANTS'** wrongful acts.

-207-

As a direct and proximate result of **ALL DEFENDANTS'** deprivation of **PASTOR** and **MRS. SMITH'S** rights protected by federal and state laws, **PASTOR** and **MRS. SMITH** has suffered and continue to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **TWO MILLION DOLLARS ($2,000,000.00)** each.

-208-

**ALL DEFENDANTS** undertook their conduct in utter disregard of **PASTOR** and **MRS. SMITH'S** rights that constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle **PASTOR** and **MRS. SMITH** to recover punitive damages from the proper **DEFENDANTS** in an amount to be decided by a jury to deter the proper **DEFENDANTS** from future wrongdoing.

### COUNT XIV

### MALICIOUS PROSECUTION
### 42 U.S.C. § 1983

-209-

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through Two hundred eight herein through this specific reference.

-210-

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege the allegations contained in Paragraphs Eighteen through One hundred four herein as the basis for their claims for damages for violations of their rights under the United States Constitution, laws of the United States, and laws of the State of Georgia.

-211-

**ALL DEFENDANTS** either arrested and detained **PASTOR** and **MRS. SMITH** illegally and without probable cause or caused or directly detained, participated in, endorsed, or otherwise made possible **PASTOR** and **MRS. SMITH'S** arrest and detention, without probable cause.

-212-

**ALL DEFENDANTS** instituted and maintained the proceedings against **PASTOR** and **MRS. SMITH** with malice, personal spite, and ill will toward **PASTOR** and **MRS. SMITH** which were resolved twice in **PASTOR** and **MRS. SMITH'S** favor.

-213-

**ALL DEFENDANTS** exhibited a general and total disregard of any and all of **PASTOR** and **MRS. SMITH'S** rights without regard to the extent of any injury that **PASTOR** and **MRS. SMITH** might suffer by **ALL DEFENDANTS'** wrongful acts.

-214-

As a direct and proximate result of **ALL DEFENDANTS'** deprivation of **PASTOR** and **MRS. SMITH'S** rights protected by federal and state laws, **PASTOR** and **MRS. SMITH** have suffered and continue to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **FIVE MILLION DOLLARS ($5,000,000.00)** each.

-215-

**ALL DEFENDANTS** undertook their conduct in utter disregard of **PASTOR** and **MRS. SMITH'S** rights that constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle **PASTOR** and **MRS. SMITH** to recover punitive damages from the proper **DEFENDANTS** in an amount to be decided by a jury to deter **ALL DEFENDANTS** from future wrongdoing.

## COUNT XV

## MALICIOUS PROSECUTION
## GEORGIA LAW

### -216-

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through Two hundred fifteen herein through this specific reference.

### -217-

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege the allegations contained in Paragraphs Eighteen through One hundred four herein as the basis for their claims for damages for violations of their rights under the United States Constitution, laws of the United States, and laws of the State of Georgia.

### -218-

**ALL DEFENDANTS** either arrested and detained **PASTOR** and **MRS. SMITH** illegally and without probable cause or caused or directly detained, participated in, endorsed, or otherwise made possible **PASTOR** and **MRS. SMITH'S** arrest and detention, without probable cause.

### -219-

**ALL DEFENDANTS** instituted and maintained the proceedings against **PASTOR** and **MRS. SMITH** with malice, personal spite, and ill will toward **PASTOR** and **MRS. SMITH** which were twice resolved in **PASTOR** and **MRS. SMITH'S** favor.

### -220-

**ALL DEFENDANTS** exhibited a general and total disregard of any and all of **PASTOR** and **MRS. SMITH'S** rights without regard to the extent of any injury that **PASTOR** and **MRS. SMITH** might suffer by **ALL DEFENDANTS'** wrongful acts.

-221-

As a direct and proximate result of **ALL DEFENDANTS'** deprivation of **PASTOR** and **MRS. SMITH'S** rights protected by federal and state laws,  **PASTOR** and **MRS. SMITH**  have suffered and continue to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **TWO MILLION DOLLARS ($1,000,000.00**) each.

-222-

**ALL DEFENDANTS** undertook their conduct in utter disregard of **PASTOR** and **MRS. SMITH'S** rights that constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle **PASTOR** and **MRS. SMITH**  to recover punitive damages from the proper **DEFENDANTS** in an amount to be decided by a jury to deter the proper **DEFENDANTS** from future wrongdoing.

## COUNT XVI

## THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

-223-

**PASTOR** and **MRS. SMITH**  incorporate by reference and reallege Paragraphs One through Two hundred twenty-two herein through this specific reference.

-224-

**PASTOR** and **MRS. SMITH**  incorporate by reference and reallege the allegations contained in Paragraphs  Eighteen through One hundred four  herein as the basis for their claims for damages for violations of their rights under the United States Constitution, laws of the United States, and laws of the State of Georgia.

-225-

**ALL DEFENDANTS** acted with malice, personal spite, and ill will toward **PASTOR** and **MRS. SMITH**.

-226-

**ALL DEFENDANTS** exhibited a general and total disregard of any and all of **PASTOR** and **MRS. SMITH'S** rights without regard to the extent of any injury that **PASTOR** and **MRS. SMITH** might suffer by **All DEFENDANTS'** wrongful acts.

-227-

**ALL DEFENDANTS** acted recklessly in intentionally participating in the arrest and incarceration of **PASTOR** and **MRS. SMITH** for conduct that did not violate the law.

-228-

This incarceration of **PASTOR** and **MRS. SMITH** for conduct that did not violate any law was outrageous and extreme in that **ALL DEFENDANTS** had within their knowledge and records evidence that **PASTOR** and **MRS. SMITH** did not violate any law.

-229-

**PASTOR** and **MRS. SMITH** suffered and continue to suffer severe emotional distress from the actions of **ALL DEFENDANTS** as a result of **ALL DEFENDANTS'** outrageous conduct.

-230-

The intentionally inflicted emotional distress to which **ALL DEFENDANTS** subjected **PASTOR** and **MRS. SMITH**, caused them to suffer great physical pain, mental anguish, public scandal, infamy, disgrace, and great humiliation.

-231-

As a direct and proximate result of **ALL DEFENDANTS'** deprivation of **PASTOR** and **MRS. SMITH'S** rights protected by federal and state law,  **PASTOR** and **MRS. SMITH**  have suffered and continue to suffer substantial damages for mental anguish, loss of his home and other property, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **TWO MILLION DOLLARS ($2,000,000.00**).

-232-

**ALL DEFENDANTS** undertook their conduct in utter disregard of **PASTOR** and **MRS. SMITH'S** rights that constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle **PASTOR** and **MRS. SMITH**  to recover punitive damages from the proper **DEFENDANTS** in an amount to be decided by a jury to deter the proper **DEFENDANTS** from future wrongdoing.

## COUNT XVII

**LIABILITY OF THE GLYNN COUNTY
DEPARTMENT OF FAMILY AND CHILDREN SERVICES
AND THE GEORGIA DEPARTMENT OF HUMAN SERVICES**

-233-

**PASTOR** and **MRS. SMITH**  incorporate by reference and reallege Paragraphs One through Two hundred Thirty-two herein through this specific reference.

-234-

**PASTOR** and **MRS. SMITH**  incorporate by reference and reallege the allegations contained in Paragraphs  Eighteen through One hundred four  herein as the basis for their claims for damages

for violations of their rights under the United States Constitution, laws of the United States, and laws of the State of Georgia.

### -235-

**DEFENDANT GEORGIA DEPARTMENT OF HUMAN SERVICES** is named as a party pursuant to the Georgia Tort Claims Act.

### -236-

**DEFENDANT GEORGIA DEPARTMENT OF HUMAN SERVICES** is implicated everywhere "**ALL DEFENDANTS**" are named and any place this entity is named individually.

### -237-

**DEFENDANT GEORGIA DEPARTMENT OF HUMAN SERVICES** is liable  to **PASTOR** and **MRS. SMITH** for its respective failures to property train its personnel and in their capacity as the final policymakers.

### -238-

**DEFENDANT GEORGIA DEPARTMENT OF HUMAN SERVICES** is liable to **PASTOR** and **MRS. SMITH** for condoning the policy and practices of its employees as a pattern and practice of conduct of **GEORGIA DEPARTMENT OF HUMAN SERVICES** and **GLYNN COUNTY DEPARTMENT OF FAMILY AND CHILDREN SERVICES** and **DEFENDANT BROWNING** in the reckless institution of criminal actions against innocent parties such as **PASTOR** and **MRS. SMITH**.

## COUNT XVIII

### LIABILITY OF GLYNN COUNTY
### LIABILITY OF THE GLYNN COUNTY SHERIFF

**-239-**

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through Two hundred Thirty-eight herein through this specific reference.

**-240-**

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege the allegations contained in Paragraphs Eighteen through One hundred four  herein as the basis for their claims for damages for violations of their rights under the United States Constitution, laws of the United States, and laws of the State of Georgia.

**-241-**

**DEFENDANT GLYNN COUNTY** is liable to **PASTOR** and **MRS. SMITH** through the actions of **DEFENDANT JUMP**, one of **DEFENDANT GLYNN COUNTY'S** final policy makers.

### COUNT XVIII

### ATTORNEY FEES
### CIVIL RIGHTS ATTORNEY'S FEES AWARDS ACT OF 1976
### 42 U.S.C. §1988

**-242-**

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege Paragraphs One through Two hundred forty-one herein through this specific reference.

**-243-**

**PASTOR** and **MRS. SMITH** incorporate by reference and reallege the allegations contained in Paragraphs Eighteen through One hundred four  herein as the basis for their claims for damages

for violations of their rights under the United States Constitution, laws of the United States, and laws of the State of Georgia.

**-244-**

If **PASTOR** and **MRS. SMITH**  prevail, they seek attorney fees under the Civil Rights Attorney's Fees Awards Act of 1976,  as amended and codified at 42 U.S.C. §1988.

### VI.  RELIEF REQUESTED

**TRACY D. L. C. SMITH** and **CANDACE A. SMITH**, Plaintiffs in the above-styled action, requests the judgment of this Court against Defendants as follows:

a)      Award compensatory and punitive damages as prayed for in this Complaint;

b)      Award attorney fees as prayed for in this Complaint; and

c)      Award such other and further relief as the Court may deem appropriate for the circumstances of this case.

**TRACY D. L. C. SMITH** and **CANDACE A. SMITH DEMAND A JURY TRIAL**.

Respectfully submitted this 31st day of December 2019.

/s/James A. Yancey, Jr.
JAMES A. YANCEY, JR.
Attorney for Tracy D. L. C. Smith and Candace A. Smith
Georgia State Bar No.: 779725
James A. Yancey, Jr., Attorney at Law, P.C.
704 G Street
Brunswick, Georgia 31520-6749
(912) 265-8562 (Office)
(912) 265-8564 (Fax)
Email: jayjr@standinthegap.biz
C:\WPDOCS\CIVILRIGHTS\A-L\POLICE    MISCONDUCT\M-Z\2019\SMITH-T.CVR\M-Z\
PLEADINGS\SMITH\COMPLAINT FOR DAMAGES