# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| TRACY D.L.C. SMITH and CANDACE A. SMITH, <br><br> Plaintiffs, <br><br> v. <br><br> CHRIS HATCHER, in his individual and official capacity as Officer of the Glynn County Police Department; ANDREA BROWNING, in her individual capacity as a Case Manager for the Glynn County Department of Family and Children Services; GEORGIA DEPARTMENT OF HUMAN SERVICES; E. NEAL JUMP, in his individual and official capacity as the Sheriff of Glynn County; MICHAEL HEATH, in his individual and official capacity as Jail Administrator for the Glynn County Sheriff's Office; RANDY AUSTIN, in his individual and official capacity as Major for the Glynn County Sheriff's Office; STEPHANIE SHUMAN, in her individual and official capacity as Lieutenant for the Glynn County Sheriff's Office; and GLYNN COUNTY, GEORGIA, <br><br> Defendants. | CV 2:19-167 |

**ORDER**

Plaintiffs initiated this action on December 31, 2019. See Dkt. No. 1. On February 11, 2020, Defendants Glynn County, Georgia, Chris Hatcher, Michael Heath, E. Neal Jump, and Stephanie Shuman filed an Answer to the Complaint. Dkt. No. 21. On February 14, 2020, Defendants Andrea Browning and Georgia Department of Human Services filed a motion to dismiss. Dkt. No. 22. On March 16, 2020, Plaintiffs, without obtaining Defendants consent or leave of Court, filed an Amended Complaint. Dkt. No. 32. The Court deemed Plaintiffs' Amended Complaint untimely and notified Defendants they were not required to respond to it. Dkt. No. 33. On March 25, 2020, Defendant Randy Austin filed an Answer and Motion to Dismiss. Dkt. No. 39. Then, on April 13, 2020, Plaintiffs filed a consent motion for leave to file an Amended Complaint. Dkt. No. 43. The Court granted their motion. Dkt. No. 48.

**LEGAL STANDARD**

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, after the time for amending a pleading as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." An amended pleading "supersedes the former pleading" such that "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (internal

quotation marks and citation omitted); see also Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982) (citations omitted) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

## DISCUSSION

Because the Plaintiffs obtained Defendants' consent to amend their complaint, the Court granted Plaintiffs leave to do so. Dkt. No. 48. As such, Plaintiffs' Amended Complaint supersedes their original Complaint. Defendants' motions to dismiss the original Complaint, dkt. nos. 22, 39, have thus been rendered moot by Plaintiffs' filing of their Amended Complaint. Should Defendants wish to renew their motions to dismiss with regard to the Amended Complaint, they are granted leave to do so within the time prescribed by the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss the original Complaint, dkt. nos. 22, 39, are **DENIED as moot**.

**SO ORDERED**, this 7th day of May, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA