IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| TRACY D.L.C. SMITH; and CANDACE SMITH, | |
| Plaintiffs, | CIVIL ACTION NO.: 2:19-cv-167 |
| v. | |
| RANDY AUSTIN, | |
| Defendant. | |

**O R D E R**

Presently before the Court are Defendant's three Motions in Limine. Docs. 127, 128, 129. Plaintiffs filed a consolidated Response. Doc. 133. For the reasons which follow, I **DENY** Defendant's Motion to Exclude Evidence Concerning Defendant's Criminal Prosecution and Conviction, doc. 127; **GRANT as unopposed** Defendant's Motion to Exclude Evidence Concerning Plaintiff Candace Smith's Diabetic Meals, doc. 128; and **GRANT** Defendant's Motion to Exclude Evidence Relating to Dismissed Claims and Parties, doc. 129.

**DISCUSSION**

As a preliminary matter, motions in limine typically present pre-trial issues of admissibility of evidence that are likely to arise at trial. A motion in limine should provide notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. Motions in limine merely asking the court to apply the law or the Federal Rules of Evidence are disfavored. Such general concerns about the admissibility of evidence and propriety of argument should be raised as the issues come up at

trial. A court has the power to exclude evidence in limine when evidence is clearly inadmissible on all potential grounds and for any purpose. Luce v. United States, 469 U.S. 38, 41 (1984) (noting federal district courts have authority to make in limine rulings based on their authority to manage trials).

I. **Defendant's Motion to Exclude Evidence and Argument Concerning His Prior Conviction Is Denied**

Defendant asks the Court to preclude Plaintiffs from introducing any evidence of Defendant's criminal prosecution and conviction. Doc. 127. Defendant was charged with committing certain crimes in the State of Tennessee. Id.; Doc. 122. The charges were based on conduct unrelated to the facts in this case and occurred after the events in this case occurred. On December 14, 2022, Defendant entered a "best-interest" plea to one count of aggravated assault with serious bodily injury and received a probated sentence with credit for time served.

Defendant argues all mention of his prosecution and conviction should be excluded because the evidence is not relevant to the remaining issue in this case—namely, whether Defendant interfered with Plaintiffs' First Amendment right to free exercise of religion while Plaintiffs were detained at the Glynn County Detention Center. Doc. 127 at 1. Defendant also argues the evidence should be excluded under Federal Rule of Evidence 403 because it is more prejudicial than probative and should be excluded under Rule 404(b) because it cannot be offered for any purpose other than to prove Defendant's character. Id.

Plaintiffs filed a Response. Doc. 133. Plaintiffs state they were aware of Defendant's criminal prosecution but only learned Defendant had been convicted by way of Defendant's Motion in Limine. Plaintiffs do not address Defendant's argument his conviction is irrelevant to Plaintiffs' claims or Defendant's argument Plaintiffs have not identified a proper purpose for introducing the evidence under Rule 404(b). I construe Plaintiffs' silence on these issues as

2

conceding the points. However, Plaintiffs do argue the evidence may be admissible for impeachment purposes under Rule 609. Doc. 133 at 1. Defendant did not address Rule 609 in his initial Motion. Defendant has not filed a reply brief, and the time to do so has expired.

Because Plaintiffs have effectively conceded evidence and argument of Defendant's conviction are irrelevant to their claims and cannot be offered for any proper purpose under Rule 404(b), the Court's inquiry is focused only on whether Defendant has shown this evidence is "clearly inadmissible on all potential grounds and for any purpose." Specifically, the Court must determine whether the evidence may, potentially, be introduced under Rule 609—Plaintiffs' only stated basis for the introduction of the evidence.

Evidence of prior felony convictions is generally admissible to attack the credibility of a witness at trial. Fed. R. Evid. 609(a); United States v. Burston, 159 F.3d 1328, 1335 (11th Cir. 1998) ("We therefore conclude that Rule 609(a)(1) requires a district court to admit evidence of the nature and number of a non-defendant witness' prior felony convictions."); United States v. Fernandez-Leyva, 482 F. App'x 417, 421 (11th Cir. 2012); Stewart v. Johnson, No. 5:18-CV-37, 2021 WL 3081882, at *7 (S.D. Ga. July 21, 2021). "The implicit assumption of Rule 609 is that prior felony convictions have probative value" in assessing a witness's credibility. Burston, 159 F.3d at 1335. Under the plain language of Rule 609(a)(1), evidence of prior felony convictions must be admitted in a civil case, subject to Rule 403.

Under Rule 403, the court may exclude relevant evidence "if its probative value is substantially outweighed by danger of . . . unfair prejudice." Fed. R. Evid. 403. When considering the probative value of prior-conviction evidence admitted under Rule 609, courts recognize probative value varies with the nature and number of the prior convictions. Stewart, 2021 WL 3081882, at *7. Additionally, probative value will vary depending on whether the

3

witness's testimony and credibility are likely to be central or paramount at trial and whether the prior conviction is near or remote in time. Id. (citing Veals v. Edison Chouest Offshore, LLC, Civil Action No. 06-3776, 2009 WL 10710266, at *9 (E.D. La. Mar. 6, 2009), for description of factors for probative value assessment of previous convictions, including the length of time between the conviction and issues before a court, the witness's criminal history, and the witness's age and circumstances at the time of the commission of the offense). The prejudice arising from such evidence will vary depending on whether the case is a criminal or civil matter and the nature of the offense conduct giving rise to the conviction. Id. at *8. Courts will also consider whether presentation of such evidence may cause juror confusion. Id. When prior-conviction evidence is admitted under Rules 609 and 403, such evidence is often limited to the nature and number of a witness's prior convictions, and the proffering party is precluded from presenting additional details about the convictions. Id.

Considering the record now before the Court, Defendant has not shown evidence of his prior conviction is "clearly inadmissible on all potential grounds and for any purpose." Plaintiffs have articulated a plausible basis for potential admissibility under Rule 609. This conclusion does not mean the disputed evidence is necessarily admissible—only that Defendant has not shown the evidence is clearly inadmissible.

It appears Plaintiffs will be able to meet the threshold requirements for admissibility under Rule 609. Defendant's prior conviction occurred within the last 10 years, the conviction appears to be for a felony, and Plaintiffs have stated they intend to introduce the evidence for impeachment purposes. The prior-conviction evidence is likely to be presumed to have some probative value to assessing Defendant's credibility.

The record is not sufficiently developed for the Court to conduct a Rule 403 analysis. Defendant's conviction appears to be for a violent felony, the conviction was imposed fairly recently, and Defendant's credibility may be central at trial. All of these facts will be considered in assessing the probative value of this evidence. In terms of prejudice, the Court will likely need to consider the nature of the particular offense, that this is a civil matter, and the extent of the evidence Plaintiffs seek to introduce (e.g., only the nature and number of the convictions or details about the underlying offense). The Court will also need to consider any possibility of juror confusion.

The parties fail to adequately address these issues in their submissions. In his Motion, Defendant only considers probative value of the evidence regarding Plaintiffs' pending claim in the case. Defendant fails to address the probative value of the evidence as to his credibility. Defendant also only offers a conclusory statement that evidence of his prior conviction is "plainly prejudicial" without any explanation. Plaintiffs, in their Response, invoke Rule 609 but fail to address any of the necessary considerations under Rule 403. Thus, the Court cannot resolve whether this prior-conviction evidence is actually admissible under Rules 609 and 403 at this time.

Ultimately, Defendant has not shown evidence and argument concerning his prior conviction "clearly inadmissible on all potential grounds and for any purpose," given it is possible the evidence is admissible under Rule 609. Therefore, the Court **DENIES** Defendant's motion to exclude any reference to his prior convictions at this time. If Defendant testifies at trial, the Court will, upon proper objection, apply Rules 609 and 403 in assessing the admissibility of evidence of Defendant's prior conviction Plaintiffs offer to attack Defendant's credibility.

## II. Defendant's Motion to Exclude Evidence About Plaintiff Candace Smith's Diabetic Meals Is Granted as Unopposed

Defendant states Plaintiffs' claim relating to the withholding of Candace Smith's diabetes medications have been dismissed but Plaintiffs have indicated they intend to introduce evidence relating to this claim at trial. Doc. 128 at 1. In addition, Defendant states Candace Smith offered testimony during her deposition that her diabetic meals were insufficient, often arrived late, and did not coincide with her insulin injections. Id. Defendant asserts evidence relating to Candace Smith's diabetic meals is not relevant to the remaining issue concerning Plaintiffs' vegan meals and the violation of their First Amendment free exercise claim. Id. at 2–3.

Plaintiffs respond they will not introduce any evidence relating to Candace Smith's diabetes or the adequacy of the diabetic meals provided to Candace Smith at the Glynn County Detention Center. Doc. 133 at 2. Thus, the Court **GRANTS as unopposed** Defendant's Motion in Limine. Plaintiffs shall not be allowed to introduce evidence concerning Candace Smith's diabetes or the adequacy of diabetic meals provided to Ms. Smith.

## III. Defendant's Motion to Exclude Evidence About Claims and Parties Already Dismissed Is Granted

Defendant notes Plaintiffs asserted 14 federal and several state law claims against numerous Defendants in their Complaint. Doc. 129 at 1. However, after the Court's rulings on Defendants' dispositive motions, the only remaining claim is Plaintiffs' claim Defendant violated their First Amendment rights when he withheld their vegan meals. Doc. 108. In addition, Defendant states he was not involved in the actions underlying Plaintiffs' dismissed claims and evidence relating to the dismissed claims is not relevant to the remaining claim. Doc. 129 at 3–5. Defendant states any evidence concerning Plaintiffs' dismissed claims, even if probative, would be outweighed by the danger of unfair prejudice. Thus, Defendant concludes this evidence should be excluded from the trial in this case. Id. at 5.

6

Plaintiffs state their counsel wishes to "inform the jury of the procedural actions in this case[,]" but he does not intend to go into the actions of the dismissed parties. Doc. 133 at 2. Plaintiffs state the basis for their incarceration must be mentioned so they will not be prejudiced in the eyes of the jury. Id.

Any evidence, testimony, or argument related to claims and Defendants this Court has already dismissed is not relevant to the sole remaining issue or Defendant's actions. See Banks v. McIntosh County, No. 2:16-cv-53, 2022 WL 2758609, at *3 (S.D. Ga. July 14, 2022) (recognizing the generality evidence related to already dismissed claims is not relevant to remaining issues and is inadmissible under Rule 402). Therefore, Plaintiffs shall not be permitted to present evidence concerning claims and parties that have been dismissed. However, Plaintiffs are not prohibited from testifying about why they were pre-trial detainees and how they and Defendant Austin came to interact with each other. Plaintiffs can explain those circumstances without testifying about claims asserted, but now dismissed, or identifying individuals who were named as Defendants, but who have now been dismissed, as parties to the case.[1] Accordingly, the Court **GRANTS** Defendant's Motion.

## CONCLUSION

Based on the foregoing, I **DENY** Defendant's Motion to Exclude Evidence Concerning Defendant's Criminal Prosecution and Conviction, doc. 127; **GRANT as unopposed** Defendant's Motion to Exclude Evidence Concerning Plaintiff Candace Smith's Diabetic Meals,

---

[1] Plaintiffs' stated desire to inform the jury of the "procedural actions in this case" is ambiguous. To the extent Plaintiffs intend to inform the jury about procedural aspects of this litigation, such as informing the jury about claims that were asserted but have now been dismissed, Plaintiffs are prohibited from offering evidence or argument about such procedural aspects.

doc. 128; and **GRANT** Defendant's Motion to Exclude Evidence Relating to Dismissed Claims and Parties, doc. 129.

**SO ORDERED**, this 28th day of July, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA